Mary M. LISI, Chief Disciplinary Counsel

v.

Michael BASHAW.

No. 91–601–M.P.

Supreme Court of Rhode Island.

Dec. 5, 1991.

Mary M. Lisi, Chief Disciplinary Counsel, for Disciplinary Counsel.

Robert Mann, Mann & Mitchell, Providence, for defendant.

OPINION

PER CURIAM.

These disciplinary matters came before the Supreme Court on an order issued to the respondent attorney to appear and show cause why he should not be disciplined pursuant to the provisions of Su-

---

preme Court Rule 42–6(d). This rule provides, in part, that following a formal hearing on disciplinary proceedings against an attorney before the Disciplinary Board of the Supreme Court of Rhode Island (board),

> "[i]f the Board determines that a proceeding should be dismissed, or that it should be concluded by private censure, public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Our review of the record in this case discloses that in one case, the attorney failed to withdraw from employment by the executor of a probate estate and to deliver the papers and file pertaining to the estate, to a successor attorney after repeated requests and order by the executor to do so. The respondent attorney had long delayed the handling of the matter to the dissatisfaction of the executor. Eventually the complaining executor was forced to call personally at respondent attorney's office and physically remove the files and records. It was later discovered that respondent attorney, who was not an authorized signatory on the estate checking account and who was not authorized to affix the executor's signature to checks, had drawn checks against the account, signing the executor's name. These checks were made payable to respondent.

The board found that respondent attorney had in fact violated Disciplinary Rule 2–110, subsections (A)(2) and (B)(4) and Supreme Court Rule 42–6(e): in failing to withdraw and deliver the papers and property of a client after his employment had been terminated; by engaging in illegal conduct which involved moral turpitude, dishonesty, fraud, deceit, and misrepresentation; by engaging in conduct that reflected adversely on his fitness to practice law; and by failing to cooperate with reasonable requests and orders of the disciplinary counsel.

In the second matter before the board, the respondent attorney served as a court-appointed guardian of an incompetent veteran who was entitled to receive certain distributions from an estate. The respondent attorney failed to file a guardianship account when due and was adjudged in contempt of court and removed as guardian. In due course the successor guardian demanded return of funds that were the property of the ward. The respondent attorney forwarded checks to the guardianship estate that were initially dishonored for insufficient funds. The board found that respondent had violated Disciplinary Rules DR 1–102(A)(5) and (6), 6–101(A)(3), and Supreme Court Rule 42–6(e) by neglecting a legal matter entrusted to him; by engaging in conduct prejudicial to the administration of justice; by engaging in conduct that adversely reflected on his fitness to practice law, and by failing to cooperate with reasonable orders and requests of the disciplinary counsel. We have reviewed the record from the board and we concur in their findings of violation of several disciplinary rules.

On June 16, 1989, respondent attorney was, by order of this court, transferred to inactive status after his representation to the court that he was incapacitated for the practice of law by reason of a medical condition. During the hearings on these matters, respondent attorney presented to the board testimony and written reports of an attending physician whose speciality is psychiatry and who had examined and treated respondent during 1989 and 1990. It was the opinion of that physician that between 1987 and the time of the events which give rise to these proceedings, respondent suffered from mental disease characterized by depression, withdrawal, anhedonia, anxiety, several physical complaints, sleep disturbance and weight loss. It was the physician's opinion that during that time, as a result of his mental disease, respondent attorney's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was so substantially impaired, that he cannot justly be held responsible for that conduct.

That proposition was rejected by the board, and we are in complete agreement. Disciplinary proceedings such as this are not criminal in nature wherein an accused may present evidence of lack of criminal intent or capacity. These disciplinary proceedings are civil in nature, designed primarily to protect the members of the public from the actions of attorneys who are unwilling or unable to conform their conduct to the standards of professional conduct adopted by this court for the welfare of the public.

In the matter before us, in keeping with our responsibility to the public to protect the public from the harm that can be caused by unfit or incompetent attorneys, we also concur with the recommendation of the board that disbarment in this instance is warranted.

For these reasons the respondent, Michael Bashaw, is disbarred from the practice of law in this state, effective on the date of this opinion. Since the respondent has not practiced law since 1989, we will dispense with the usual requirement that he provide the clerk of this court with a list of his clients so that steps could be taken to protect their rights.